IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-35770-H4-11 |
| | § | |
| JOHN H. HAMILTON, SR. | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | |
| | § | |

**DEBTOR'S EMERGENCY MOTION TO SELL REAL PROPERTY LOCATED AT
33203 W. HADDON COURT, FULSHEAR, TEXAS 77441
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY-ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

COMES NOW JOHN H. HAMILTON, SR., Debtor herein, and files this Debtor's Emergency Motion to Sell Real Property Located At 33203 W. Haddon Court, Fulshear, Texas 77441 Free and Clear of All Liens, Claims and Encumbrances and would respectfully show unto the Court the following:

1.      The Debtor filed his voluntary petition under Chapter 11 of the United States Bankruptcy Code on or about July 6, 2010. No trustee has been appointed and the Debtor has proceeded as a Debtors-in-Possession.

2.      The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1334. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A), (D) and (O). Debtor is authorized and empowered to sell said property pursuant to 11 U.S.C. § 363(b)and (f).

3.      The Debtor is requesting emergency consideration in regards to this motion as the buyer wishes to confirm the approval of the sale prior to the closing date of August 16, 2010 in order to registered their children in the school system and complete moving process of their family given the many issues pending.

4.      At the time of the filing, the Debtor owned exempt real property (homestead) located at 33203 W. Haddon Court, Fulshear, Fort Bend County, Texas 77441 (hereafter the "Property").

5.      The Debtor, subject to bankruptcy Court approval, desires to sell the Property to for a total sales price of $1,700,000.00 cash deal.  A copy of the earnest money contract is attached hereto and contains all agreements of the parties, see attached **Exhibit A**.  Although this price is less than what is owed to the secured creditor, Onewest Bank, FSB its assigns and/or successors in interest ("Onewest"), the Debtor believes this to be a fair and reasonably price. Pre-petition the Debtor listed the property for sale with a third party agent at various prices far greater than this contract price for a period of almost 1 year before the filing of this Chapter 11, but received no offers that were close to the payoff with Onewest.  The offer received to date is the best offer received and is reflective of the actual market value of the property.

6.     The Debtor further requests authority to pay at closing all costs of sale, for which the Debtor is responsible under the earnest money contract, including but not limited to unpaid real estate taxes, whether past due or accrued post-petition, broker fees and Calvin Braun of Orlando & Braun, LLP shall receive 1% of the Sales Price ($1,700,000), or $17,000.00, at closing as an surcharge on the sale of the Property for the Debtor's attorneys' fees from the proceeds of sale. All remaining funds are to be paid to Onewest, the first lienholder, at the closing.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the sale of the herein before described real estate be authorized, and that any proceeds of said sale, after payment, all taxes, costs, homeowners association fees, broker fees and expenses of sale, should go to Onewest Bank and for such further relief as may be granted in equity and law.

Dated:  4th day of August, 2010.


Respectfully submitted,

ORLANDO & BRAUN, LLP

  /s/Calvin Braun
Calvin Braun
SBN #00783713
3401 Allen Parkway, Suite 101
Houston, Texas 77019
(713) 521-0800
(713) 521-0842 Fax

ATTORNEY FOR DEBTOR

EXHIBIT A



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)    06-30-08
## ONE TO FOUR FAMILY RESIDENTIAL CONTRACT (RESALE)
### NOTICE: Not For Use For Condominium Transactions

1. **PARTIES:** The parties to this contract are _____ **JOHN HAMILTON, PATRICIA HAMILTON** _____ (Seller) and _____ **REX W CHAMBERLAIN, KAREN J CHAMBERLAIN** _____ (Buyer). Seller agrees to sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined below.

2. **PROPERTY:**
   A. LAND: Lot _____ **14 R/P** _____ Block _____ **14** _____
   _____ **WESTON LAKES SEC 4** _____, Addition, City of
   _____ **FULSHEAR** _____, County of _____ **FORT BEND** _____,
   Texas, known as **33203 W HADDON CT** _____ **77441-4034** (address/zip
   code), or as described on attached exhibit.
   B. IMPROVEMENTS: The house, garage and all other fixtures and improvements attached to the above-described real property, including without limitation, the following permanently installed and built-in items, if any: all equipment and appliances, valances, screens, shutters, awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans, mail boxes, television antennas and satellite dish system and equipment, heating and air-conditioning units, security and fire detection equipment, wiring, plumbing and lighting fixtures, chandeliers, water softener system, kitchen equipment, garage door openers, cleaning equipment, shrubbery, landscaping, outdoor cooking equipment, and all other property owned by Seller and attached to the above described real property.
   C. ACCESSORIES: The following described related accessories, if any: window air conditioning units, stove, fireplace screens, curtains and rods, blinds, window shades, draperies and rods, controls for satellite dish system, controls for garage door openers, entry gate controls, door keys, mailbox keys, above ground pool, swimming pool equipment and maintenance accessories, and artificial fireplace logs.
   D. EXCLUSIONS: The following improvements and accessories will be retained by Seller and must be removed prior to delivery of possession: _____

   The land, improvements and accessories are collectively referred to as the "Property".

3. **SALES PRICE:**
   A. Cash portion of Sales Price payable by Buyer at closing .............. $ _____ **1,700,000.00**
   B. Sum of all financing described below (excluding any loan funding fee or mortgage insurance premium) ............................ $ _____
   C. Sales Price (Sum of A and B) ................................. $ _____ **1,700,000.00**

4. **FINANCING:** The portion of Sales Price not payable in cash will be paid as follows: (Check applicable boxes below)
   ☐ A. THIRD PARTY FINANCING: One or more third party mortgage loans in the total amount of $ _____ (excluding any loan funding fee or mortgage insurance premium).
     (1) Property Approval: If the Property does not satisfy the lenders' underwriting requirements for the loan(s), this contract will terminate and the earnest money will be refunded to Buyer.
     (2) Financing Approval: (Check one box only)
       ☐ (a) This contract is subject to Buyer being approved for the financing described in the attached Third Party Financing Condition Addendum.
       ☐ (b) This contract is not subject to Buyer being approved for financing and does not involve FHA or VA financing.
   ☐ B. ASSUMPTION: The assumption of the unpaid principal balance of one or more promissory notes described in the attached TREC Loan Assumption Addendum.
   ☐ C. SELLER FINANCING: A promissory note from Buyer to Seller of $ _____ secured by vendor's and deed of trust liens, and containing the terms and conditions described in the attached TREC Seller Financing Addendum. If an owner policy of title insurance is furnished, Buyer shall furnish Seller with a mortgagee policy of title insurance.

5. **EARNEST MONEY:** Upon execution of this contract by all parties, Buyer shall deposit $ **17,000.00** as earnest money with **Fidelit** **AMERICAN TITLE COMPANY** as escrow agent, at **2400 AUGUSTA DR.** (address). Buyer shall deposit additional earnest money of $ _____ with escrow agent within _____ days after the effective date of this contract. If Buyer fails to deposit the earnest money as required by this contract, Buyer will be in default.

6. **TITLE POLICY AND SURVEY:**
   A. TITLE POLICY: Seller shall furnish to Buyer at ☒ Seller's ☐ Buyer's expense an owner policy of title insurance (Title Policy) issued by **Fidelity** **AMERICAN TITLE** (Title Company) in the amount of the Sales Price, dated at or after closing, insuring Buyer against loss under the provisions of the Title Policy, subject to the promulgated exclusions

(TAR 1601) 06-30-08   Initialed for Identification by Buyer _____ and Seller _____   TREC NO. 20-8   Page 1 of 8

Martha Turner Properties 50 Briar Hollow Lane 700W Houston, TX 77027     Phone: 713.558.1912     Fax: 713.520.5638
Baghda Heathorne

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com     REX W

Contract Concerning _____ 33203 N HADDON CT _____ FULSHEAR, TX  77441-4034 _____ Page 2 of 8  06-30-08
(Address of Property)

(including existing building and zoning ordinances) and the following exceptions:
(1) Restrictive covenants common to the platted subdivision in which the Property is located.
(2) The standard printed exception for standby fees, taxes and assessments.
(3) Liens created as part of the financing described in Paragraph 4.
(4) Utility easements created by the dedication deed or plat of the subdivision in which the Property is located.
(5) Reservations or exceptions otherwise permitted by this contract or as may be approved by Buyer in writing.
(6) The standard printed exception as to marital rights.
(7) The standard printed exception as to waters, tidelands, beaches, streams, and related matters.
(8) The standard printed exception as to discrepancies, conflicts, shortages in area or boundary lines, encroachments or protrusions, or overlapping improvements. Buyer, at Buyer's expense, may have the exception amended to read, "shortages in area".

B. COMMITMENT: Within 20 days after the Title Company receives a copy of this contract, Seller shall furnish to Buyer a commitment for title insurance (Commitment) and, at Buyer's expense, legible copies of restrictive covenants and documents evidencing exceptions in the Commitment (Exception Documents) other than the standard printed exceptions. Seller authorizes the Title Company to deliver the Commitment and Exception Documents to Buyer at Buyer's address shown in Paragraph 21. If the Commitment and Exception Documents are not delivered to Buyer within the specified time, the time for delivery will be automatically extended up to 15 days or the Closing Date, whichever is earlier.

C. SURVEY: The survey must be made by a registered professional land surveyor acceptable to the Title Company and any lender(s). (Check one box only)
☐ (1) Within _____ days after the effective date of this contract, Seller shall furnish to Buyer and Title Company Seller's existing survey of the Property and a Residential Real Property Affidavit promulgated by the Texas Department of Insurance (Affidavit). If the existing survey or Affidavit is not acceptable to Title Company or Buyer's lender(s), Buyer shall obtain a new survey at ☐ Seller's ☐ Buyer's expense no later than 3 days prior to Closing Date. If Seller fails to furnish the existing survey or Affidavit within the time prescribed, Buyer shall obtain a new survey at Seller's expense no later than 3 days prior to Closing Date.
☒ (2) Within _____ 20 _____ days after the effective date of this contract, Buyer shall obtain a new survey at Buyer's expense. Buyer is deemed to receive the survey on the date of actual receipt or the date specified in this paragraph, whichever is earlier.
☐ (3) Within _____ days after the effective date of this contract, Seller, at Seller's expense shall furnish a new survey to Buyer.

D. OBJECTIONS: Buyer may object in writing to defects, exceptions, or encumbrances to title: disclosed on the survey other than items 6A(1) through (7) above; disclosed in the Commitment other than items 6A(1) through (8) above; or which prohibit the following use or activity: RESIDENTIAL ACTIVITY
_____

Buyer must object the earlier of (i) the Closing Date or (ii) _____ 7 _____ days after Buyer receives the Commitment, Exception Documents, and the survey. Buyer's failure to object within the time allowed will constitute a waiver of Buyer's right to object; except that the requirements in Schedule C of the Commitment are not waived. Provided Seller is not obligated to incur any expense, Seller shall cure the timely objections of Buyer or any third party lender within 15 days after Seller receives the objections and the Closing Date will be extended as necessary. If objections are not cured within such 15 day period, this contract will terminate and the earnest money will be refunded to Buyer unless Buyer waives the objections.

E. TITLE NOTICES:
(1) ABSTRACT OR TITLE POLICY: Broker advises Buyer to have an abstract of title covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a Title Policy. If a Title Policy is furnished, the Commitment should be promptly reviewed by an attorney of Buyer's choice due to the time limitations on Buyer's right to object.
(2) PROPERTY OWNERS' ASSOCIATION MANDATORY MEMBERSHIP: The Property ☒ is ☐ is not subject to mandatory membership in a property owners' association. If the Property is subject to mandatory membership in a property owners' association, Seller notifies Buyer under §5.012, Texas Property Code, that, as a purchaser of property in the residential community identified in Paragraph 2A in which the Property is located, you are obligated to be a member of the property owners' association. Restrictive covenants governing the use and occupancy of the Property and a dedicatory instrument governing the establishment, maintenance, and operation of this residential community have been or will be recorded in the Real Property Records of the county in which the Property is located. Copies of the restrictive covenants and dedicatory instrument may be obtained from the county clerk. You are obligated to pay assessments to the property owners' association. The amount of the assessments is subject to change. Your failure to pay the

Contract Concerning _____33203 W HADDON CT_____ _____FULSHEAR, TX  77441-4034_____ Page 3 of 8  06-30-08
*(Address of Property)*

. assessments could result in a lien on and the foreclosure of the Property. If Buyer is concerned about these matters, the TREC promulgated Addendum for Property Subject to Mandatory Membership in a Property Owners' Association should be used.

(3) STATUTORY TAX DISTRICTS: If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.

(4) TIDE WATERS: If the Property abuts the tidally influenced waters of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included in the contract. An addendum containing the notice promulgated by TREC or required by the parties must be used.

(5) ANNEXATION: If the Property is located outside the limits of a municipality, Seller notifies Buyer under §5.011, Texas Property Code, that the Property may now or later be included in the extraterritorial jurisdiction of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and extraterritorial jurisdiction. To determine if the Property is located within a municipality's extraterritorial jurisdiction or is likely to be located within a municipality's extraterritorial jurisdiction, contact all municipalities located in the general proximity of the Property for further information.

(6) PROPERTY LOCATED IN A CERTIFICATED SERVICE AREA OF A UTILITY SERVICE PROVIDER: Notice required by §13.257, Water Code: The real property, described in Paragraph 2, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned Buyer hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in Paragraph 2 or at closing of purchase of the real property.

(7) PUBLIC IMPROVEMENT DISTRICTS: If the Property is in a public improvement district, §5.014, Property Code, requires Seller to notify Buyer as follows: As a purchaser of this parcel of real property you are obligated to pay an assessment to a municipality or county for an improvement project undertaken by a public improvement district under Chapter 372, Local Government Code. The assessment may be due annually or in periodic installments. More information concerning the amount of the assessment and the due dates of that assessment may be obtained from the municipality or county levying the assessment. The amount of the assessments is subject to change. Your failure to pay the assessments could result in a lien on and the foreclosure of your property.

**7. PROPERTY CONDITION:**

A. ACCESS, INSPECTIONS AND UTILITIES: Seller shall permit Buyer and Buyer's agents access to the Property at reasonable times. Buyer may have the Property inspected by inspectors selected by Buyer and licensed by TREC or otherwise permitted by law to make inspections. Seller at Seller's expense shall turn on existing utilities for inspections.

B. SELLER'S DISCLOSURE NOTICE PURSUANT TO §5.008, TEXAS PROPERTY CODE (Notice): (Check one box only)

☒ (1) Buyer has received the Notice.

☐ (2) Buyer has not received the Notice. Within _____ days after the effective date of this contract, Seller shall deliver the Notice to Buyer. If Buyer does not receive the Notice, Buyer may terminate this contract at any time prior to the closing and the earnest money will be refunded to Buyer. If Seller delivers the Notice, Buyer may terminate this contract for any reason within 7 days after Buyer receives the Notice or prior to the closing, whichever first occurs, and the earnest money will be refunded to Buyer.

☐ (3) The Seller is not required to furnish the notice under the Texas Property Code.

C. SELLER'S DISCLOSURE OF LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS is required by Federal law for a residential dwelling constructed prior to 1978.

D. ACCEPTANCE OF PROPERTY CONDITION: (Check one box only)

☒ (1) Buyer accepts the Property in its present condition.

☐ (2) Buyer accepts the Property in its present condition provided Seller, at Seller's expense, shall complete the following specific repairs and treatments: _____

E. LENDER REQUIRED REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, neither party is obligated to pay for lender required repairs, which includes treatment

Contract Concerning _____33203 H HADDON CT_____ _____FULSHEAR, TX  77441-4034_____ Page 4 of 8  06-30-08
(Address of Property)

for wood destroying insects. If the parties do not agree to pay for the lender required repairs or treatments, this contract will terminate and the earnest money will be refunded to Buyer. If the cost of lender required repairs and treatments exceeds 5% of the Sales Price, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

F. COMPLETION OF REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, Seller shall complete all agreed repairs and treatments prior to the Closing Date. All required permits must be obtained, and repairs and treatments must be performed by persons who are licensed or otherwise authorized by law to provide such repairs or treatments. At Buyer's election, any transferable warranties received by Seller with respect to the repairs and treatments will be transferred to Buyer at Buyer's expense. If Seller fails to complete any agreed repairs and treatments prior to the Closing Date, Buyer may do so and receive reimbursement from Seller at closing. The Closing Date will be extended up to 15 days, if necessary, to complete repairs and treatments.

G. ENVIRONMENTAL MATTERS: Buyer is advised that the presence of wetlands, toxic substances, including asbestos and wastes or other environmental hazards, or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. If Buyer is concerned about these matters, an addendum promulgated by TREC or required by the parties should be used.

H. RESIDENTIAL SERVICE CONTRACTS: Buyer may purchase a residential service contract from a residential service company licensed by TREC. If Buyer purchases a residential service contract, Seller shall reimburse Buyer at closing for the cost of the residential service contract in an amount not exceeding $ 1,695.00 . Buyer should review any residential service contract for the scope of coverage, exclusions and limitations. **The purchase of a residential service contract is optional. Similar coverage may be purchased from various companies authorized to do business in Texas.**

8. **BROKERS' FEES:** All obligations of the parties for payment of brokers' fees are contained in separate written agreements.

9. **CLOSING:**
A. The closing of the sale will be on or before _____AUGUST 4th ,2010_____ , _____ , or within 7 days after objections made under Paragraph 6D have been cured or waived, whichever date is later (Closing Date). If either party fails to close the sale by the Closing Date, the non-defaulting party may exercise the remedies contained in Paragraph 15.

B. At closing:
   (1) Seller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and showing no additional exceptions to those permitted in Paragraph 6 and furnish tax statements or certificates showing no delinquent taxes on the Property.
   (2) Buyer shall pay the Sales Price in good funds acceptable to the escrow agent.
   (3) Seller and Buyer shall execute and deliver any notices, statements, certificates, affidavits, releases, loan documents and other documents required of them by this contract, the Commitment or law necessary for the closing of the sale and the issuance of the Title Policy.
   (4) There will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing the payment of any loans assumed by Buyer and assumed loans will not be in default.

10. **POSSESSION:** Seller shall deliver to Buyer possession of the Property in its present or required condition, ordinary wear and tear excepted: ☐ upon closing and funding ☒ according to a temporary residential lease form promulgated by TREC or other written lease required by the parties. Any possession by Buyer prior to closing or by Seller after closing which is not authorized by a written lease will establish a tenancy at sufferance relationship between the parties. **Consult your insurance agent prior to change of ownership and possession because insurance coverage may be limited or terminated. The absence of a written lease or appropriate insurance coverage may expose the parties to economic loss.**

11. **SPECIAL PROVISIONS:** (Insert only factual statements and business details applicable to the sale. TREC rules prohibit licensees from adding factual statements or business details for which a contract addendum, lease or other form has been promulgated by TREC for mandatory use.) 1. BUYER RESERVES THE RIGHT TO DO A FINAL WALK THROUGH 48 HOURS BEFORE CLOSING.
2. THIS CONTRACT IS CONTINGENT UPON SELLER GETTING BANK APPROVAL WITHIN FIVE WORKING DAYS FROM THE EXECUTED DATE OF THE CONTRACT.
3. SELLER TO PROFESSIONALLY CLEAN THE HOME AFTER VACATING.
4. Contingent on court approval, buyer may cancel at their discretion. 𝘰𝘥

(TAR 1601) 06-30-08  Initialed for Identification by Buyer _____ and Seller _____ TREC NO. 20-8 Page 4 of 8

Produced with ZipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com     REX W

Contract Concerning _____ 33203 N HADDON CT _____ FULSHEAR, TX  77441-4034 _____ Page 5 of 8  06-30-08
(Address of Property)

**12. SETTLEMENT AND OTHER EXPENSES:**
 A. The following expenses must be paid at or prior to closing:
   (1) Expenses payable by Seller (Seller's Expenses):
     (a) Releases of existing liens, including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses payable by Seller under this contract.
     (b) Seller shall also pay an amount not to exceed $ N/A _____ to be applied in the following order: Buyer's Expenses which Buyer is prohibited from paying by FHA, VA, Texas Veterans Land Board or other governmental loan programs, and then to other Buyer's Expenses as allowed by the lender.
   (2) Expenses payable by Buyer (Buyer's Expenses):
     (a) Loan origination, discount, buy-down, and commitment fees (Loan Fees).
     (b) Appraisal fees; loan application fees; credit reports; preparation of loan documents; interest on the notes from date of disbursement to one month prior to dates of first monthly payments; recording fees; copies of easements and restrictions; mortgagee title policy with endorsements required by lender; loan-related inspection fees; photos; amortization schedules; one-half of escrow fee; all prepaid items, including required premiums for flood and hazard insurance, reserve deposits for insurance, ad valorem taxes and special governmental assessments; final compliance inspection; courier fee; repair inspection; underwriting fee; wire transfer fee; expenses incident to any loan; and other expenses payable by Buyer under this contract.
 B. Buyer shall pay Private Mortgage Insurance Premium (PMI), VA Loan Funding Fee, or FHA Mortgage Insurance Premium (MIP) as required by the lender.
 C. If any expense exceeds an amount expressly stated in this contract for such expense to be paid by a party, that party may terminate this contract unless the other party agrees to pay such excess. Buyer may not pay charges and fees expressly prohibited by FHA, VA, Texas Veterans Land Board or other governmental loan program regulations.

**13. PRORATIONS:** Taxes for the current year, interest, maintenance fees, assessments, dues and rents will be prorated through the Closing Date. The tax proration may be calculated taking into consideration any change in exemptions that will affect the current year's taxes. If taxes for the current year vary from the amount prorated at closing, the parties shall adjust the prorations when tax statements for the current year are available. If taxes are not paid at or prior to closing, Buyer shall pay taxes for the current year.

**14. CASUALTY LOSS:** If any part of the Property is damaged or destroyed by fire or other casualty after the effective date of this contract, Seller shall restore the Property to its previous condition as soon as reasonably possible, but in any event by the Closing Date. If Seller fails to do so due to factors beyond Seller's control, Buyer may (a) terminate this contract and the earnest money will be refunded to Buyer (b) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (c) accept the Property in its damaged condition with an assignment of insurance proceeds and receive credit from Seller at closing in the amount of the deductible under the insurance policy. Seller's obligations under this paragraph are independent of any other obligations of Seller under this contract.

**15. DEFAULT:** If Buyer fails to comply with this contract, Buyer will be in default, and Seller may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract. If, due to factors beyond Seller's control, Seller fails within the time allowed to make any non-casualty repairs or deliver the Commitment, or survey, if required of Seller, Buyer may (a) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (b) terminate this contract as the sole remedy and receive the earnest money. If Seller fails to comply with this contract for any other reason, Seller will be in default and Buyer may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract.

**16. MEDIATION:** It is the policy of the State of Texas to encourage resolution of disputes through alternative dispute resolution procedures such as mediation. Any dispute between Seller and Buyer related to this contract which is not resolved through informal discussion ☒ will ☐ will not be submitted to a mutually acceptable mediation service or provider. The parties to the mediation shall bear the mediation costs equally. This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

**17. ATTORNEY'S FEES:** A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

Contract Concerning _____ 33203 W HADDON CT. _____ FULSHEAR, TX  77441-4034 _____ Page 6 of 8  06-30-08
(Address of Property)

**18. ESCROW:**

    A. ESCROW: The escrow agent is not (i) a party to this contract and does not have liability for the performance or nonperformance of any party to this contract, (ii) liable for interest on the earnest money and (iii) liable for the loss of any earnest money caused by the failure of any financial institution in which the earnest money has been deposited unless the financial institution is acting as escrow agent.

    B. EXPENSES: At closing, the earnest money must be applied first to any cash down payment, then to Buyer's Expenses and any excess refunded to Buyer. If no closing occurs, escrow agent may require payment of unpaid expenses incurred on behalf of the parties and a written release of liability of escrow agent from all parties.

    C. DEMAND: Upon termination of this contract, either party or the escrow agent may send a release of earnest money to each party and the parties shall execute counterparts of the release and deliver same to the escrow agent. If either party fails to execute the release, either party may make a written demand to the escrow agent for the earnest money. If only one party makes written demand for the earnest money, escrow agent shall promptly provide a copy of the demand to the other party. If escrow agent does not receive written objection to the demand from the other party within 15 days, escrow agent may disburse the earnest money to the party making demand reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and escrow agent may pay the same to the creditors. If escrow agent complies with the provisions of this paragraph, each party hereby releases escrow agent from all adverse claims related to the disbursal of the earnest money.

    D. DAMAGES: Any party who wrongfully fails or refuses to sign a release acceptable to the escrow agent within 7 days of receipt of the request will be liable to the other party for liquidated damages in an amount equal to the sum of: (i) three times the amount of the earnest money; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.

    E. NOTICES: Escrow agent's notices will be effective when sent in compliance with Paragraph 21. Notice of objection to the demand will be deemed effective upon receipt by escrow agent.

**19. REPRESENTATIONS:** All covenants, representations and warranties in this contract survive closing. If any representation of Seller in this contract is untrue on the Closing Date, Seller will be in default. Unless expressly prohibited by written agreement, Seller may continue to show the Property and receive, negotiate and accept back up offers.

**20. FEDERAL TAX REQUIREMENTS:** If Seller is a "foreign person," as defined by applicable law, or if Seller fails to deliver an affidavit to Buyer that Seller is not a "foreign person," then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. Internal Revenue Service regulations require filing written reports if currency in excess of specified amounts is received in the transaction.

**21. NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by facsimile or electronic transmission as follows:

| To Buyer | To Seller |
|---|---|
| at: 4907 WESTERDALE DR | at: 33203 W HADDON CT |
| FULSEAR, TX  77441 | FULSEAR, TX  77441 |
| | |
| | |
| | |
| Telephone: | Telephone: |
| Facsimile: | Facsimile: |
| E-mail: | E-mail: |

Contract Concerning _____ 33203 N HADDON CT _____ FULSHEAR, TX 77441-4034 _____ Page 7 of 8  06-30-08
                                                (Address of Property)

**22. AGREEMENT OF PARTIES:** This contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda which are a part of this contract are (Check all applicable boxes):

☒ Third Party Financing Condition Addendum     ☐ Addendum for "Back-Up" Contract

☐ Seller Financing Addendum     ☐ Addendum for Coastal Area Property

☒ Addendum for Property Subject to Mandatory Membership in a Property Owners' Association     ☐ Environmental Assessment, Threatened or Endangered Species and Wetlands Addendum

☐ Buyer's Temporary Residential Lease     ☐ Addendum for Property Located Seaward of the Gulf Intracoastal Waterway

☒ Seller's Temporary Residential Lease     ☐ Addendum for Seller's Disclosure of Information on Lead-based Paint and Lead-based Paint Hazards as Required by Federal Law

☐ Addendum for Sale of Other Property by Buyer

☐ Addendum Containing Required Notices Under §5.016, §420.001 and §420.002, Texas Property Code     ☒ Other (list): TABS, TAX PROVISION, INTERMEDIARY,

**23. TERMINATION OPTION:** For nominal consideration, the receipt of which is hereby acknowledged by Seller, and Buyer's agreement to pay Seller $ 500.00 (Option Fee) within 2 days after the effective date of this contract, Seller grants Buyer the unrestricted right to terminate this contract by giving notice of termination to Seller within 10 days after the effective date of this contract. If no dollar amount is stated as the Option Fee or if Buyer fails to pay the Option Fee to Seller within the time prescribed, this paragraph will not be a part of this contract and Buyer shall not have the unrestricted right to terminate this contract. If Buyer gives notice of termination within the time prescribed, the Option Fee will not be refunded; however, any earnest money will be refunded to Buyer. The Option Fee ☒ will ☐ will not be credited to the Sales Price at closing. **Time is of the essence for this paragraph and strict compliance with the time for performance is required.**

**24. CONSULT AN ATTORNEY:** Real estate licensees cannot give legal advice. READ THIS CONTRACT CAREFULLY. If you do not understand the effect of this contract, consult an attorney BEFORE signing.

Buyer's
Attorney is: _____     Seller's
Attorney is: _____

_____     _____

Telephone: _____     Telephone: _____

Facsimile: _____     Facsimile: _____

E-mail: _____     E-mail: _____

EXECUTED the _____ day of _____, _____ (EFFECTIVE DATE).
(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)

Buyer REX W CHAMBERLAIN     Seller JOHN HAMILTON

Buyer KAREN J CHAMBERLAIN     Seller PATRICIA HAMILTON

The form of this contract has been approved by the Texas Real Estate Commission. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 1-800-250-8732 or (512) 459-6544 (http://www.trec.state.tx.us) TREC NO. 20-8. This form replaces TREC NO. 20-7.

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com     REX W

| | 33203 W HADDON CT | |
|---|---|---|
| Contract Concerning | FULSHEAR, TX  77441-4034 | Page 8 of 8   06-30-08 |
| | (Address of Property) | |

## BROKER INFORMATION AND RATIFICATION OF FEE

Listing Broker has agreed to pay Other Broker _____ of the total sales price when Listing Broker's fee is received. Escrow Agent is authorized and directed to pay Other Broker from Listing Broker's fee at closing.

| Other Broker _____ License No. | MARTHA TURNER PROPERTIES        307280 |
|---|---|
| | Listing Broker                      License No. |
| represents ☐ Buyer only as Buyer's agent | represents ☒ Seller and Buyer as an intermediary |
|          ☐ Seller as Listing Broker's subagent |          ☐ Seller only as Seller's agent |

| Associate _____ Telephone | (713) 520-1981 |
|---|---|
| | Listing Associate                    Telephone |
| | CAROL LANCE |
| | 50 BRIAR HOLLOW LN |
| Broker's Address | # 700 W |
| | Listing Associate's Office Address    Facsimile |
| City _____ TX _____ 77027 | HOUSTON _____ TX _____ 77027 |
|     State     Zip | City        State        Zip |
| | CLANCE@MARTHATURNER.COM |
| Facsimile | Email Address |
| | *Raghda Henthen* (713) 553-4506 |
| | Selling Associate                    Telephone |
| Email Address | RAGHDA HENTHORNE |
| | 50 BRIAR HOLLOW LN |
| | # 700 W                         (713) 559-6163 |
| | Selling Associate's Office Address    Facsimile |
| | HOUSTON _____ TX _____ 77027 |
| | City        State        Zip |
| | RHENTHORNE@MARTHATURNER.COM |
| | Email Address |

## OPTION FEE RECEIPT

Receipt of $ 500.00 _____ (Option Fee) in the form of _____ CHECK _____ is acknowledged.

Seller or Listing Broker _____     Date _____

## CONTRACT AND EARNEST MONEY RECEIPT

Receipt of ☒ Contract and ☐ $17,000.00 _____ Earnest Money in the form of _____ CHECK _____ is acknowledged.

Escrow Agent: _____     Date: _____

By: _____

Address _____     Email Address _____

Telephone: _____

City _____ State _____ Zip _____     Facsimile: _____

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

TREC NO. 20-8 Page 8 of 8

RBX W

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)                    06-30-08

# ADDENDUM FOR PROPERTY SUBJECT TO MANDATORY MEMBERSHIP IN A PROPERTY OWNERS' ASSOCIATION

## (NOT FOR USE WITH CONDOMINIUMS)

### ADDENDUM TO CONTRACT CONCERNING THE PROPERTY AT

33203  W HADDON  CT                                        FULSHEAR
_____
(Street Address and City)

_____
(Name of Property Owners' Association)

A.  **SUBDIVISION INFORMATION:** "Subdivision Information" means: (i) the restrictions applying to the subdivision, (ii) the bylaws and rules of the Property Owners' Association (Association), and (iii) a resale certificate, all of which comply with Section 207.003 of the Texas Property Code.
(Check only one box):

☐ 1.  Within _____ days after the effective date of the contract, Seller shall at Seller's expense deliver the Subdivision Information to Buyer. If Buyer does not receive the Subdivision Information, Buyer may terminate the contract at any time prior to closing and the earnest money will be refunded to Buyer. If Seller delivers the Subdivision Information, Buyer may terminate the contract for any reason within 7 days after Buyer receives the Subdivision Information or prior to closing, whichever first occurs, and the earnest money will be refunded to Buyer.

☐ 2.  Buyer has received and approved the Subdivision Information before signing the contract.

☒ 3.  Buyer does not require delivery of the Subdivision Information.

If Seller becomes aware of any material changes in the Subdivision Information, Seller shall promptly give notice to Buyer. Buyer may terminate the contract prior to closing by giving written notice to Seller if: (i) any of the Subdivision Information provided was not true; or (ii) any material adverse change in the Subdivision Information occurs prior to closing, and the earnest money will be refunded to Buyer.

B.  **FEES:** Buyer shall pay any Association fees resulting from the transfer of the Property not to exceed $ 150.00 _____ and Seller shall pay any excess.

**NOTICE TO BUYER REGARDING REPAIRS BY THE ASSOCIATION:** The Association may have the sole responsibility to make certain repairs to the Property. If you are concerned about the condition of any part of the Property which the Association is required to repair, you should not sign the contract unless you are satisfied that the Association will make the desired repairs.

_____          _____
Buyer REX W CHAMBERLAIN                   Seller JOHN HAMILTON

_____          _____
Buyer KAREN J CHAMBERLAIN                 Seller PATRICIA HAMILTON

The form of this addendum has been approved by the Texas Real Estate Commission for use only with similarly approved or promulgated forms of contracts. Such approval relates to this contract form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 1-800-250-8732 or (512) 459-6544 (http://www.trec.state.tx.us) TREC No. 36-5. This form replaces TREC No. 36-4.

TREC NO. 36-5

Note: This notice should be given to a prospective purchaser prior to execution of a binding contract of sale and purchase, should be executed by the seller and purchaser and should be attached as a separate portion of a purchase contract. Please see Note below.

# Notice to a Purchaser of Real Property in a Water District
## NOTICE FOR DISTRICTS LOCATED IN WHOLE OR IN PART WITHIN THE CORPORATE BOUNDARIES OF A MUNICIPALITY

The real property, described below, that you are about to purchase is located in the **FORT BEND MUD 81** District. The district has taxing authority separate from any other taxing authority and may, subject to voter approval, issue an unlimited amount of bonds and levy an unlimited rate of tax in payment of such bonds. As of this date, the rate of taxes levied by the district on real property located in the district is $ 0.38 on each $100 of assessed valuation. If the district has not yet levied taxes, the most recent projected rate of tax, as of this date, is $ 0.38 on each $100 of assessed valuation. The total amount of bonds, excluding refunding bonds and any bonds or any portion of bonds issued that are payable solely from revenues received or expected to be received under a contract with a governmental entity, approved by the voters and which have been or may, at this date, be issued is $ 39,500,000.00 , and the aggregate initial principal amounts of all bonds issued for one or more of the specified facilities of the district and payable in whole or in part from property taxes is $ 11,155,000.00 .

The district has the authority to adopt and impose a standby fee on property in the district that has water, sanitary sewer, or drainage facilities and services available but not connected and which does not have a house, building, or other improvement located thereon and does not substantially utilize the utility capacity available to the property. The district may exercise the authority without holding an election on the matter. As of this date, the most recent amount of the standby fee is $ N/A . An unpaid standby fee is a personal obligation of the person that owned the property at the time of imposition and is secured by a lien on the property. Any person may request a certificate from the district stating the amount, if any, of unpaid standby fees on a tract of property in the district.

The district is located in whole or in part within the corporate boundaries of the City of **FULSHEAR** . The taxpayers of the district are subject to the taxes imposed by the municipality and by the district until the district is dissolved. By law, a district located within the corporate boundaries of a municipality may be dissolved by municipal ordinance without the consent of the district or the voters of the district.

The purpose of this district is to provide water, sewer, drainage, or flood control facilities and services within the district through the issuance of bonds payable in whole or in part from property taxes. The cost of these utility facilities is not included in the purchase price of your property, and these utility facilities are owned or to be owned by the district. The legal description of the property you are acquiring is as follows:

LT 14 R/P BLK 14 WESTON LAKES SEC 4

| | | | |
|---|---|---|---|
| _Patria H___ 4/3/10 | | _(signature)_ C. 7/13/10 | |
| Signature of Seller | Date | Signature of Seller | Date |
| JOHN HAMILTON | | PATRICIA HAMILTON | |

PURCHASER IS ADVISED THAT THE INFORMATION SHOWN ON THIS FORM IS SUBJECT TO CHANGE BY THE DISTRICT AT ANY TIME. THE DISTRICT ROUTINELY ESTABLISHES TAX RATES DURING THE MONTHS OF SEPTEMBER THROUGH DECEMBER OF EACH YEAR, EFFECTIVE FOR THE YEAR IN WHICH THE TAX RATES ARE APPROVED BY THE DISTRICT. PURCHASER IS ADVISED TO CONTACT THE DISTRICT TO DETERMINE THE STATUS OF ANY CURRENT OR PROPOSED CHANGES TO THE INFORMATION SHOWN ON THIS FORM.

The undersigned purchaser hereby acknowledges receipt of the foregoing notice at or prior to execution of a binding contract for the purchase of the real property described in such notice or at closing of purchase of the real property.

| | | | |
|---|---|---|---|
| _(signature)_ | | _(signature)_ | |
| Signature of Purchaser | Date | Signature of Purchaser | Date |
| REX W CHAMBERLAIN | | KAREN J CHAMBERLAIN | |

NOTE: Correct district name, tax rate, bond amounts, and legal description are to be placed in the appropriate space. Except for notices included as an addendum or paragraph of a purchase contract, the notice shall be executed by the seller and purchaser, as indicated. If the district does not propose to provide one or more of the specified facilities and services, the appropriate purpose may be eliminated. If the district has not yet levied taxes, a statement of the district's most recent projected rate of tax is to be placed in the appropriate space. If the district does not have approval from the commission to adopt and impose a standby fee, the second paragraph of the notice may be deleted. For the purposes of the notice form, required to be given to the prospective purchaser prior to execution of a binding contract of sale and purchase, a seller and any agent, representative, or person acting on the seller's behalf may modify the notice by substitution of the words "January 1, _____" for the words "this date" and place the correct calendar year in the appropriate space.

Martha Turner Properties 50 Briar Hollow Lane 700W Houston, TX 77027
Phone: 713.538.1942        Fax: 713.520.8628        Raghda Hanthorn                                    REX W

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com



TEXAS ASSOCIATION OF REALTORS®
## INTERMEDIARY RELATIONSHIP NOTICE
USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS® IS NOT AUTHORIZED.
©Texas Association of REALTORS®, Inc. 2004

To: __JOHN HAMILTON, PATRICIA HAMILTON__ (Seller or Landlord)
and __REX W CHAMBERLAIN, KAREN J CHAMBERLAIN__ (Prospect)
From: __MARTHA TURNER PROPERTIES__ (Broker's Firm)
__33203 W HADDON CT__
Re: __FULSHEAR, TX  77441-4034__ (Property)
Date: __February 22, 2010__

A. Under this notice, "owner" means the seller or landlord of the Property and "prospect" means the above-named prospective buyer or tenant for the Property.

B. Broker's firm represents the owner under a listing agreement and also represents the prospect under a buyer/tenant representation agreement.

C. In the written listing agreement and the written buyer/tenant representation agreement, both the owner and the prospect previously authorized Broker to act as an intermediary if a prospect who Broker represents desires to buy or lease a property that is listed by the Broker. When the prospect makes an offer to purchase or lease the Property, Broker will act in accordance with the authorizations granted in the listing agreement and in the buyer/tenant representation agreement.

D. Broker [X] will [ ] will not appoint licensed associates to communicate with, carry out instructions of, and provide opinions and advice during negotiations to each party. If Broker makes such appointments, Broker appoints:

__CAROL LANCE__ to the owner; and

__RAGHDA HENTHORNE__ to the prospect.

E. By acknowledging receipt of this notice, the undersigned parties reaffirm their consent for broker to act as an intermediary.

F. Additional Information: *(Disclose material information related to Broker's relationship to the parties, such as personal relationships or prior or contemplated business relationships.)*

The undersigned acknowledge receipt of this notice

_____  2/13/10
Seller or Landlord          Date
JOHN HAMILTON

_____
Seller or Landlord          Date
PATRICIA HAMILTON

_____
Prospect          Date
REX W CHAMBERLAIN

_____
Prospect          Date
KAREN J CHAMBERLAIN

(TAR-1409) 1-7-04          Page 1 of 1

Martha Turner Properties 50 Briar Hollow Lane 700W Houston, TX 77027
Phone: 713.558.1942      Fax: 713.520.8628      Raghda Henthorne                                    REX W
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com



## P R O P E R T I E S

### PRORATED TAX PROVISION

33203  W HADDON CT

Regarding the property at: _____ FULSHEAR,  TX  77441-4034 _____

If, after the Closing, the actual taxes in the year of Closing are different from the prorated taxes on the HUD-1 Statement, Seller and Buyer agree to a modification of the prorated taxes as of the Closing Date based upon the actual taxes and shall account to one another and remit payment of any additional funds due to one or the other. This provision requiring the subsequent modification and reconciliation of the prorated taxes by Seller and Buyer shall survive Closing.

AGREED TO BY:

_____          _____
Buyer REX W CHAMBERLAIN                             Date

_____          _____
Buyer KAREN J CHAMBERLAIN                             Date

_____          7/13/10
Seller JOHN HAMILTON                                 Date

_____          7/13/10
Seller PATRICIA HAMILTON                             Date

33-071608-MTPALL.DOCUMENTS.INDD

Martha Turner Properties 50 Briar Hollow Lane 700W Houston, TX 77027
Phone: 713.558.1942        Fax:  713.520.8628        Raghda Henthorne
Produced with ZipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

REX W

Oct 06 2009 12:55AM   HP LASERJET 3330                                                    P.2

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)                      02-13-06

## AMENDMENT
### TO CONTRACT CONCERNING THE PROPERTY AT

33203 W HADDON CT _____   FULSHEAR
                              (Street Address and City)

Seller and Buyer amend the contract as follows: (check each applicable box)
- ☐ (1) The Sales Price in Paragraph 3 of the contract is:
  - A. Cash portion of Sales Price payable by Buyer at closing  . . . . . . . . . . $_____
  - B. Sum of financing described in the contract  . . . . . . . . . . . . . . . . . . . . . $_____
  - C. Sales Price (Sum of A and B)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
- ☐ (2) In addition to any repairs and treatments otherwise required by the contract, Seller, at Seller's expense, shall complete the following repairs and treatments:




- ☒ (3) The date in Paragraph 9 of the contract is changed to _____ 8/15/10 _____,
- ☒ (4) The amount in Paragraph 12A(1)(b) of the contract is changed to $ _____
- ☐ (5) The cost of lender required repairs and treatment, as itemized on the attached list, will be paid as follows: $ _____ by Seller; $ _____ by Buyer.
- ☒ (6) Buyer has paid Seller an additional Option Fee of $ 1.00 _____ for an extension of the unrestricted right to terminate the contract on or before _____ August  3 ___ 2010 _____. This additional Option Fee ☒ will ☐ will not be credited to the Sales Price.
- ☐ (7) Buyer waives the unrestricted right to terminate the contract for which the Option Fee was paid.
- ☐ (8) The date for Buyer to give written notice to Seller that Buyer cannot obtain Financing Approval as set forth in the Third Party Financing Condition Addendum is changed to _____,

- ☐ (9) Other Modifications:   (Insert only factual statements and business details applicable to this sale.)




EXECUTED the _23rd_ day of _July_ ,_2010_ . (BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)


Buyer
BEN W CHAMBERLAIN

Buyer
KAREN J CHAMBERLAIN

Seller
JOHN HAMILTON

Seller
PATRICIA HAMILTON

This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms. Such approval relates to this form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 1-800-250-8732 or (512) 459-6544 (http://www.trec.state.tx.us) TREC No. 39-6. This form replaces TREC No. 39-5.

(TAR-1903) 2-13-06                                                                Page 1 of 1
Martha Turner Properties 50 Briar Hollow Lane 700W Houston, TX 77027
Phone: 713.559.1942        Fax: 713.520.8628        Raghda Henthorne               BEN W
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com



**<u>Verification</u>**

Pursuant to BLR 9013(i), I certify under penalty of perjury that the statements made in paragraph 3 are true and correct within my own personal knowledge and that a genuine emergency exists requiring consideration of this matter.

Dated: <u>08-04-2010</u>

___/s/ Calvin Braun_____
Calvin Braun

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of Debtor's Emergency Motion to Sell Real Property Located at 33203 W. Haddon Court, Fulshear, Texas 77441, Free and Clear of All Liens, Claims and Encumbrances was mailed by First Class Mail, Postage Prepaid and/or ECF Transmission on this 4th day of August, 2010 to the list below.

_/s/Calvin Braun_____
Calvin Braun

John H. Hamilton Sr.
P O Box 115
Simonton, TX 77476

Stephen Statham
Office of U.S. Trustee
515 Rusk, Ste. 3516
Houston, TX 77002

Alex Yanez
7135 Majestic Oaks
Houston, TX 77040

Andrew M. Caplan
Weycer, Kaplan, Pulaski & Zuber PC
Eleven Greenway Plaza, Ste. 1400
Houston, TX 77046

Andrew P. McCormick
McCormick, McNeel, Edler & Williams, LLP
5909 West Loop South, Suite 550
Houston, TX 77401

Anne Marie Laney Hill
Jennifer L. Davis
McGlinchey Stafford, PLLC
1001 McKinney Street, Suite 1500
Houston, TX 77002

Anthony Sullivan
Ross Banks May Cron & Cavin PC
2 Riverway, Ste. 700
Houston, TX 77056-1918

Automobile One Collectables, L.P.
16325 Westheimer Rd
Houston, TX 77082

Bank of America
BAC/Fleet Bankcard
P O Box 26012
Greensboro, NC 27420

Barbara Ellis
Kent Hoffman
Locke Lord Bissell & Liddell LLP
100 Congress Avenue, Suite 300
Austin, TX 78701

Bay Area Windham Park LLC
c/o Ross Spence
Snow Fogel Spence LLP
2929 Allen Parkway, Ste. 4100
Houston, TX 77019

Boude E. Storey II
Attorney at Law
11757 Katy Freeway, Suite 1010
Houston, TX 77079

Brian D. Womac
Womac & Associates
Two Memorial City Plaza
820 Gessner, Suite 1540
Houston, TX 77024

Cathay Bank
c/o W. Steven Bryant
 Locke Lord Bissell & Liddell LLP
600 Travis, Ste. 3400
Houston, TX 77702

Cathay Bank
c/o Gregory Badura
Special Asset Department
17432 Colima Road
Roland Heights, CA 91748

Cathay Holdings 3, LLC
c/o Barbara Ellis
Locke Lord Bissell & Liddell LLP
100 Congress Ave. Ste. 300
Austin, TX 78701

Center Capital Corporation
3 Famr Glen Blvd.
Farmington, CT 06032

Chamberlin Roofing and Waterproofing
c/o McCormick, Hancock & Newton
1900 West Loop south, Suite 700
Houston, Texas 77027

Chase
Bank One Card Services
Westerville, OH 43081

Chase Auto
201 N. Walnut St # De1-10
Wilmington, DE 19801

Chocolate Chip Aviation
1388 Flightline Dr.
Spring Branch, TX 78070

Cinco Residential Property Association,
611 Houston Street
Richmond, TX 77469

CIT Technology Financing Services, Inc.
c/o Bankruptcy Processing Solutions, Inc
800 E. Sonterra Blvd., Suite 420
San Antonio, TX 78258

Citibank N.A. fka Citibank Texas, NA
c/o Karl Burrer
Haynes & Boone, LP
1221 McKinney, Ste. 2100
Houston, TX 77010

City Bank
c/o M. Andrew Stewart
Mullin Hoard & Braown, L.L.P.
P.O. Box 2585
Lubbock, TX 79408

Civil-Surv Land Surveying
4710 Bellaire Blvd.
Suite 250
Bellaire, TX 77401

Compass Bank
c/o Michael J. Smith
Chernosky, Smith, Ressling & Smith PLLC
4646 Wild Indigo, Ste. 110
Houston, TX 77027

Damon D. Edwards
Maris A. Blair
Linebarger Goggan Blair & Sampson, LLP
1301 Travis, Suite 300
Houston, TX 77002

DCFS USA LLC
36455 Corporate Dr
Farmington Hills, MI 48331

Demac Concrete Contractors, Inc.
c/o McCormick, Hancock & Newton
1900 West Loop South, Suite 700
Houston, Texas 77027

Dennis A. Dressler
Dressler & Peters, LLC
111 W. Washington, Ste. 1900
Chicago, IL 60602

Escobedo Erectors
c/o Marcos & Associates, P.C.
228 Westheimer Road
Houston, Texas 77006

FIA CSNA
P O Box 26012,
NC4-105-02-77
Greensboro, NC 27410

First National Bank
c/o Eric Yollick
P.O. Box 7571
The Woodlands, TX 77387-7571

Foreman Glass & Mirror
c/o Charles H. Portz III
Portz & Portz
1314 Texas Ave., #1001
Houston, TX 77002

Fort Bend County
c/o Damon D. Edwards
Linebarger, Goggan Blair & Sampson
1301 Travis, Ste. 300
Houston, TX 77002

Glen Lowenstein
P. O. Box 31339
Houston, Texas 77231

Golden Bank, N.A.
c/o Shannon, Martin, Finkelstein & Alvar
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010

Greystone Builders, Inc.
c/o Wauson & Probus
One Sugar Creek Center Blvd., Suite 880
Sugar Land, TX 77498

HCB Mechanical, Inc.
13217 Weiman Rd.
Houston, TX 77041

Headwaters Construction Materials
c/o Andrew McCormick
McCormick McNeal Edler & Williams LP
5909 West Loop South, Ste. 550
Houston, TX 77401

Independence Bank, NA
P.O. Box 550289
Houston, TX 77255

Indy Mac
JPMorgan Chase
12750 Merit Dr
Dallas, TX 75251

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114-0326

J. Hans Barcus
Cantrell, Ray & Barcus LLP
P.O. Box 1019
Huntsville, TX 77342-1019

James H. Billingsley
Ashley V. Dixon
Kirkpatrick & Lockhart Preston Gates Ell
1717 Main Street, Suit 2800
Dallas, TX 75201

James Nguyen
c/o John R. Gladney
6901 Corporate Dr. Suite 111
Houston, Texas 77036

James R. Ballard
Schwartz Semerdjian Haile Ballard LLP
101 West Broadway, Ste. 810
San Diego, CA 92101

Jeffrey C. Jackson
Jeffrey C. Jackson PLLC
720 Bayland Ave
Houston, TX 77009

John H. Bennett, Jr.
Attorney at Law
2777 Allen Pkwy, Ste. 1000
Houston, TX 77019

John Iglehart
c/o Snow Fogel Spence, LLP
2929 Allen Parkway, Suite 1400
Houston, Texas 77019

John R. Gilbert
Gilbert & Gilbert
222 North Velasco Street
P.O. Box 1819
Angleton, TX 77515

John R. Gladney
6901 Corporate Drive, Suite 111
Houston, TX 77036

K&H Group LLC
5710 W. 34th St. Ste. E
Houston, TX 77092

Lange Mechanical Services, L.P.
c/o Ciano Pasta
5718 Westheimer, Suite 940
Houston, TX 77057

Lawrence L. Huelbig
Haynes & Boone, LLP
1 Houston Center
1221 McKinney, Ste 2100
Houston, TX 77002

Lee & Assoc. Commercial Real Est. Inc
5872 Ownes Ave., Ste 200
Carlisbad, CA 92008

Lentz Engineering, L.C.
c/o Dieringer Law Firm
P.O. Box 550020
Houston, Texas 77255

M.E. Duff & Associations, L.P.
611 Houston Street
Richmond, TX 77469

Macon D. Strother
The Strother Law Firm
4545 Mt. Vernon
Houston, TX 77006

Marina Bay Management, LLC
c/o John R. Gladney
6901 Corporate Dr. Suite 111
Houston, Texas 77036

Matthew B. Proubs
Wauson & Probus
One Sugar Creek Center Blvd., Suite 880
Sugar Land, TX 77478

Michael Hicks
Mullin Hoard & Brown. LLP
P.O. Box 2585
Lubbock, TX 79408-2585

Michael J. Smith
Chernosky, Smith, Ressling & Smith PLLC
4646 Wild Indigo, Suite 110
Houston, TX 77027

Michael Parr Couch
c/o Snow Fogel Spence, LLP
2929 Allen Parkway, Suite 1400
Houston, Texas 77019

National Loan Investors, L.P.
3030 Northwest Expressway St, Suite 1313
Oklahoma City, OK 73112

Nicholas Kazakoff
c/o Kevin Madden
Kane Russell Coleman & Logan
919 Milam, Suite 2200
Houston, TX 77002

North Houston Bank
P O Box 11626
Houston, TX 77293

Onewest Bank
One National City
Kalamazoo, MI 49009

Onewest Bank
c/o Barrett Daffin Frappier Turner & Engel
610 West 5th Street, Suite 602
Austin, TX 78701

Patriot Bank
7500 San Felipe St, Ste 1
Houston, TX 77063

Pennbridge Orchard Plaza S, L.P.
c/o John R. Gilbert
Gilbert & Gilbert
P.O. Box 1819
Angleton, TX 77515

Prosperity Bank
c/o Storey & Denum PC
11757 Katy Freeway, Suite 1010
Houston, TX 77079

Ranger Fire, Inc
c/o Brandon Starling
4144 N. Central Expressway, Suite 300
Dallas, Texas 75204

Regions Bank
c/o Ann Marie Laney Hill
McGlinchey Stafford PLLC
1001 McKinney St. Ste. 1500
Houston, TX 77002

Richard L. Crozier
Davidson & Troilo
919 Congress Ave., Ste. 810
Austin, TX 78701

Rodney Dewalt
17711 Butte Creek Road
Houston, Texas 77090

Ruidoso Texas, LTD
410 W. Grand Parkway South
Ste. 400
Katy, TX 77494

Santa Fe Brokerage Associates, LLC
c/o Ross Spence
Snow Fogel Spence, LLP
2929 Allen Parkway, Suite 1400
Houston, Texas 77019

SCS Construction Management, Inc.
c/o J. Hans Barcus
Cantrell, Ray & Barcus, LLP
P.O. Box 1019
Huntsville, TX 77342

Steven J. Lownds
Quilling, Selander, Cummiskey & Lownds
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Suntree Realty Partners, L.P.
c/o Wilshire & Scott, P.C.
3000 One Houston Center
1221 McKinney
Houston, Texas 77010

Tracy Nguyen
c/o John R. Gladney
6901 Corporate Dr. Suite 111
Houston, Texas 77036

United Partners Group, LLC
c/o Womac & Associates
Two Memorial City Plaza
820 Gessner, Suite 1540
Houston, Texas 77024

Urban Concrete Contractors, Ltd
c/o Cokinos, Bosien & Young
10999 West IH-10, Suite 370
San Antonio, TX 78230

Vijay A. D'Cruz
Locke Lord Bissell & Liddell, LLP
600 Travis, Suite 3400
Houston, TX 77002-3095

Voltmaster Electric Inc.
c/o Charles H. Portz III
Portz & Portz
1314 Texas Ave., #1001
Houston, TX 77002

W. Jeff Paradowski
Law Offices of W. Jeff Paradowski
1604 Copperfield Parkway
College Station, TX 77845

Wells Fargo Bank, NA
c/o Steven J. Lownds
Quilling Selander Cummiskey & Lownds
2001 Bryan St. Ste. 1800
Dallas, TX 75201

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-35770-H4-11 |
| | § | |
| JOHN H. HAMILTON, SR. | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | |

**ORDER AUTHORIZING SALE OF REAL ESTATE LOCATED AT**
**33203 W. HADDON COURT, FULSHEAR, TEXAS 77441**
<u>**FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**</u>

On this day came on for consideration the Debtor's Emergency Motion To Sell Real

Property Located at 33203 W. Haddon Court, Fulshear, Texas 77441, Free And Clear Of All

Liens, Claims And Encumbrances ("Motion") filed by the Debtor.  The Court finds that proper

notice has been given to all creditors and parties in interest and further appears that this Court has

no objection to said sale; it is hereby

ORDERED, that the sale of the following described real properties, situated, 33203 W.

Haddon Court, Fulshear, Texas 77441,  more particularly described in the earnest money contract

attached as Exhibit "A" to the Motion and made part for all purposes is hereby approved; and it is

further,

ORDERED that the sale will be free and clear of all claims, liens and encumbrances; it is

further,

ORDERED that upon the sale of the Property, Calvin Braun of Orlando & Braun, LLP

shall receive 1% of the Sales Price ($1,700,000), or $17,000.00, at closing as an surcharge on the

sale of the property for the Debtor's attorneys' fees.  It is further

ORDERED that after payment of all taxes, costs, homeowners association fees, broker fees and expenses of sale, the remaining net proceeds should be disbursed to the Onewest Bank, FSB Its Assigns and/or Successors In Interest.

SIGNED this _____ day of _____, 2010.

_____
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT:

ORLANDO & BRAUN, LLP

 /s/ Calvin Braun_____
Calvin Braun
SBN #00783713
3401 Allen Parkway, Suite 101
Houston, Texas 77019
(713) 521-0800
(713) 521-0842 Fax

ATTORNEY FOR DEBTOR