MULLIN HOARD & BROWN, LLP
M. Andrew Stewart, SBN: 24037554
　S. Dist. Bar No.: 1065805
P. O. Box 2585
Lubbock, Texas 79408
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
*Attorneys for City Bank*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** § § | | |
| **JOHN H. HAMILTON, SR.** § § | **Case No. 10-35770** | |
| *Debtor.* § | **(Chapter 7)** | |

| | | |
|---|---|---|
| **CITY BANK,** § | | |
| Plaintiff, § § | | |
| v. § § | **Adv. Cause No. 11-03021** | |
| **JOHN H. HAMILTON, SR.** § | | |
| Defendant. § | | |

**CITY BANK'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND FOR ENTRY OF AGREED NON-DISCHARGEABLE JUDGMENT**

　　COMES NOW, Plaintiff, CITY BANK and asks this Court to approve the Settlement Agreement entered into between Plaintiff and Defendant and for entry of an Agreed Final Judgment.

**I.
Introduction**

　　1.　　Plaintiff is CITY BANK; Defendant is JOHN H. HAMILTON, SR.

　　2.　　On January 14, 2011, Plaintiff, CITY BANK, filed a Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and Seeking a Determination of Non-Dischargeability

Pursuant to 11 U.S.C. § 523. City Bank's objection to Defendant's discharge under 11 U.S.C. §727 was brought at a time when the Trustee had not brought such an action against the Debtor on behalf of all creditors, and at a time when it was unclear if the Court would extend the deadline to so object a second time (the Court having already extended the deadline to object to discharge once already to January 14, 2011). As such, City Bank's 727 complaint was brought as an abundance of caution to ensure that its interests would be represented in such a complaint.

3. On May 16, 2011, the Trustee, on the date of the second extended deadline to object to discharge, filed his own complaint objecting to the Debtor's Discharge under 11 U.S.C. §727. As such, City Bank's request for relief (in the 727 portion of its complaint) overlaps with the Trustee's new Complaint and asks for the same ultimate relief. No other creditors or parties in interest, save for the Trustee, filed a complaint regarding denial of discharge. Other creditors have filed Section 523 complaints for exceptions to discharge. City Bank was acting on its own behalf when it filed its Complaint, although it recognizes that the estate and other creditors would incidentally benefit from its 11 U.S.C. § 727 cause of action if successful.

4. Defendant was served with the Complaint, and filed written response in the form of a Motion to Dismiss a portion of City Bank's 11 U.S.C. §727 claims. On May 24, 2011, the Court held a hearing on the Motion to Dismiss, wherein the Defendant withdrew the Motion to Dismiss, preserving the right to assert that City Bank's complaint failed to state a claim by affirmative defense. The Court allowed the withdrawal of the Motion. Defendant otherwise vigorously contested the allegations in the Complaint.

5. The parties have since negotiated in good faith to resolve the dispute between them. The proposed settlement includes a proposed judgment wherein the parties would agree upon the amount of City Bank's claim which would be declared non-dischargeable, regardless of the

outcome of any 727 action by the Trustee (and which would not include the 11 U.S.C. §727 relief requested by City Bank). Because this ostensibly has a potential effect on the other creditors and parties' rights (because City Bank will not pursue its own 727 action), the parties believe the Court should grant the dismissal of the 727 with notice to other creditors (with dismissal of the 523 action requiring no notice to creditors). Now that the Trustee is pursuing his own 727 action on behalf of the creditor body at large, and because City Bank is agreeing to reduce its claim outside of bankruptcy (to the Non-Dischargeable Judgment Amount), other creditors will not be harmed by this request, and in fact will benefit by the request in the form of a reduced claim against the Debtor outside of the bankruptcy context. City Bank would retain its claim against the Debtor's bankruptcy estate for the full amount, but will reduce its direct claim against the Debtor regardless of whether the Debtor obtains a discharge in this case or not.

6. The parties have entered into a conditional Settlement Agreement, attached hereto as Exhibit "A". Such Settlement Agreement resolves the adversary in full, but only grants City Bank a judgment that a portion of the Defendant's debt to City Bank is non-dischargeable (of the $8,700,000.00 default judgment taken by City Bank in state court against Debtor, the parties have agreed that $1,250,000.00 of such judgment shall be declared non-dischargeable, which amount will remain fixed regardless of the outcome of the Trustee's 727 action). Attached hereto as Exhibit "B" is the proposed Agreed Final Judgment wherein the Defendant's debt to City Bank in the amount of ONE-MILLION TWO HUNDRED FIFTY THOUSAND AND 00/100s Dollars ($1,250,000.00) would be declared non-dischargeable, and City Bank's alternative objection to discharge under 11 U.S.C. §727 would be dismissed. City Bank and the Debtor each feel that such judgment is in their best interest as it quickly and amicably resolves what could be a costly and lengthy dispute between the parties regarding allegations of fraud under 11 U.S.C. §523, and

reduces the Debtor's exposure should he not obtain a discharge in this case. This latter portion will further benefit other creditors. The parties recognize that such judgment and settlement may affect other creditors who potentially relied on City bank's 727 action, however, such concern should be militated by the fact that the Trustee is now pursuing his own 727 actions. Therefore the parties have filed this Motion to give creditors and other parties in interest 21-days within which to object to the proposed Settlement Agreement, but believe it is in the best interest of all parties for this Agreed Judgment to be entered. Defendant is not opposed to the filing of this Motion, as Defendant has agreed to the proposed Settlement Agreement and entry of Agreed Final Judgment as evidenced by his signature on this documents attached as Exhibits "A" and "B".

## II.
## Argument

7.     The Court can approve a settlement between a creditor and the Debtor so long as the settlement does not effect the Estate or assets of the Estate. The entry of a non-dischargeable judgment in favor of City Bank will not affect the Estate or assets of the Estate. Pursuant to the Settlement Agreement, City Bank will retain its full claim against the Estate. Other creditors will as well. City Bank will obtain a judgment that is non-dischargeable against the Debtor outside of bankruptcy, and to any extent such judgment impacts other creditors, the impact is beneficial in that City Bank has agreed that its non-dischargeable judgment will be fixed in amount and effective regardless of what happens with the Trustee's objection to discharge (in other words, City Bank is capping its collection to $1,250,000.00, plus post judgment interest at the current post judgment interest rate, and attorneys fees incurred for enforcement and collection of the Agreed Judgment, as allowed under the terms of the proposed settlement agreement, all as specified in the Settlement Agreement..

8. City Bank is mindful that it objected to the Defendant's entire discharge, which, if ultimately granted, would confer a benefit on all creditors. City Bank is mindful that the proposed Agreed Final Judgment and Settlement Agreement contemplates dismissal of such cause of action. City Bank and the Defendant desire to avoid the time and expense associated with that cause of action, which City Bank believes would be vigorously contested by the Debtor. Further, the fact that City Bank's own 727 action is dismissed in the judgment is of little to no effect to the estate and other creditors, because the Trustee will continue his own adversary objection to discharge under 11 U.S.C. § 727 which is for the benefit of all creditors.

9. Further, because City Bank filed its objection to discharge just prior to the deadline, as did the Trustee on the extended deadline, City Bank assumes that no other creditor had an interest in pursuing an objection to discharge either or that any party relied on City Bank's objection to discharge as no creditor would have had City Bank's pleading until just before its own deadline. Nonetheless, the parties propose to the Court that the court approve the Settlement Agreement, including entry of the Agreed Final Judgment and the dismissal of City Bank's three causes of action for objection to Defendant's discharge, upon 21-days notice to creditors and parties in interest. Such a notice will allow another creditor to object to the proposed Settlement Agreement and/or to intervene in the adversary to continue with the objection to Defendant's discharge, which City Bank will no longer desire to prosecute if the Settlement Agreement is approved. City Bank has prepared the Notice to Creditors attached hereto as Exhibit "C" which fully apprises all creditors of their opportunity to object to the proposed Settlement Agreement between City Bank and Defendant.

## III.
## Conclusion

10. If no creditor or party in interest files a written objection to the Settlement Agreement and/or attempts to intervene in this adversary to continue to prosecute the objection to Defendant's discharge, City Bank submits that the Court can and should approve the Settlement Agreement proposed by City Bank and Defendant wherein Defendant's debt to City Bank would be declared non-dischargeable and the objection to discharge would be dismissed.

WHEREFORE, Plaintiff CITY BANK prays that, upon notice to all creditors of their opportunity to object and after final hearing, the Court approve the Settlement Agreement between City Bank and Defendant; that the Court enter final judgment against the Defendant and in favor of City Bank in the amount of $1,250,000.00, plus post judgment interest as provided by law and as specified in the Settlement Agreement; that the Court provide that such amounts are not dischargeable pursuant to the provisions of 11 U.S.C. §§523(a)(2)(A) and/or (B); that City Bank's objection to discharge under 11 U.S.C. §727 be dismissed; and City Bank prays for such other relief as the Court deems just and equitable.

### NOTICE OF OPPORTUNITY FOR OBJECTION

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

YOUR RIGHTS WILL BE AFFECTED IF THE RELIEF REQUESTED HEREIN IS GRANTED BY THE COURT. YOU HAVE THE OPPORTUNITY TO OBJECT TO THE RELIEF REQUESTED HEREIN, WHICH IS TO DISMISS AN ADVERSARY PROCEEDING WHEREIN CITY BANK OBJECTED TO THE DEBTOR'S DISCHARGE. IF YOU DO NOT OBJECT AS PROVIDED HEREIN, THE COURT MAY DISMISS THIS ADVERSARY WHICH WILL RESULT IN THE DEBTOR OBTAINING A DISCHARGE OF ALL OF HIS DEBTS, SAVE AND EXCEPT HIS DEBT TO CITY BANK.

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE UNITED STATES

COURTHOUSE, 515 RUSK AVE., HOUSTON, TEXAS 77002, BEFORE 4:30 P.M. ON AUGUST 11, 2011, WHICH IS AT LERAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.  IF SERVICE IS BY MAIL, THREE ADDITIONAL DAYS ARE ALLOWED PURSUANT TO FED. R. BANKR. P. 9006(f).

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING WILL BE HELD ON AUGUST 31, 2011 AT 2:00 P.M., IN THE U.S. BANKRUPTCY COURTROOM, LOCATED AT 515 RUSK AVE., HOUSTON, TEXAS 77002, COURTROOM 600, 6th FLOOR.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

    Respectfully Submitted,

    MULLIN HOARD & BROWN, LLP
    P.O. Box 2585
    Lubbock, Texas 79408
    806-765-7491 -Telephone
    806-765-0553 - Facsimile


    By:   /s/ M. Andrew Stewart
        M. Andrew Stewart, SBN: 24037554
    ***Attorneys For City Bank***


## SUMMARY OF EXHIBITS

| | |
|---|---|
| A. | Proposed Settlement Agreement |
| B. | Proposed Agreed Final Judgment |
| C. | Notice to Creditors |

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion for Approval of Settlement Agreement and Entry of Judgment was mailed by regular first class mail, postage prepaid on this the 21st day of July, 2011, to the following listed parties in interest:

1. Jeffery Dayne Carruth
   Weycer, Kaplan, Pulaski & Zuber, P.C.
   3030 Matlock Road, Ste. 201
   Arlington, Texas 76015
   Tel:   (817) 795-5046
   Fax:   (800) 556-1869
   ***Attorney for Debtor/Defendant***

2. Ross Spence and Aaron Guerrero
   Snow Fogel Spence LLP
   2929 Allen Parkway, Ste. 4100
   Houston, TX 77019
   Tel: 713.335.4800 ext. 5038
   Fax: 713.335.4848
   ***Counsel for Ronald Summers, Chapter 7 Trustee***

3. All parties on the attached mailing matrix.

/s/ M. Andrew Stewart
M. Andrew Stewart