

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/01/2011

| | | |
|---|---|---|
| IN RE: | § § | |
| JOHN H. HAMILTON, SR., | § § | Case No. 10-35770 |
| DEBTOR. | § § | (Chapter 7) |

### ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019
[ Related to Adv. No. 10-3609 ]

On this date came on to be considered the Trustee's Motion for Approval of a Settlement and Compromise Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 (the "Motion"). After reviewing the Motion and related pleadings, if any, its

ORDERED that the Motion is GRANTED. It is

FURTHER ORDERED that the Settlement and Compromise attached to the Motion as Exhibit "A" is APPROVED. It is

FURTHER ORDERED that Ronald J. Sommers, Trustee, is authorized to execute all documents necessary to carry out the compromise.

Signed at Houston, Texas this 1st day of September, 2011.

HONORABLE JEFF BOHM
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JOHN H. HAMILTON, SR., | § § | Case No. 10-35770 |
| DEBTOR. | § § | (Chapter 7) |

| | | |
|---|---|---|
| RONALD J. SOMMERS, TRUSTEE | § § | |
| Plaintiff, | § § § | |
| v. | § § | Adv. Cause No. 10-03609 |
| PATRICIA L. HAMILTON | § § § | |
| Defendant. | § | |

## SETTLEMENT AGREEMENT AND RELEASE

### PARTIES

The parties to this Settlement Agreement and Release (the "Agreement") are: (i) Ronald J. Sommers, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of John H. Hamilton, Sr.; and (ii) Patricia L. Hamilton ("Defendant"). Collectively, these individuals are hereinafter referred to as the "Parties".

### RECITALS

WHEREAS, on November 12, 2010, the Trustee filed an Original Complaint against Defendant, Adversary No. 10-03609, currently styled *Ronald J. Sommers, Trustee for the Bankruptcy Estate of John H. Hamilton, Sr. v. Patricia L. Hamilton*, pending in the United States Bankruptcy Court for the Southern District of Texas (the "Adversary");

WHEREAS, by way of the Adversary Action, the Trustee claimed that John H. Hamilton, Sr. (the "Debtor") fraudulently transferred funds to Defendant and that the following property was property of the Debtor's Estate:

The $4,000.00 per week allowance that Defendant received from the Debtor during their marriage (the "Allowances");

The West 85 feet of Lot 1, Block 9, County Block 5848, Larkwood, in the City of Terrell

EXHIBIT A

Hills, Bexar County, Texas, according to the plat thereof recorded in Volume 2222, Page 354, Deed and Plat Records of Bexar County, Texas and commonly known as 100 Bryker Drive, San Antonio, Bexar County, Texas 78209-6008 (the "San Antonio Property");

Lot 8, Block 14, Replat of Weston Lakes, Section 4, an addition in Fort Bend County, Texas according to the map or plat thereof recorded in Slide No. 767/B and 768/A & B of the Plat Records of Fort Bend County, Texas and more commonly known as 33203 Westleton Court, Fulshear, Texas 77441 (the "Westleton Property");

A majority interest in PLD-CMJ, Incorporated d/b/a Starcrete (the "Starcrete Stock"); and

Mrs. Hamilton's Personal Sterling Advantage Account with Woodforest National Bank (the "Woodforest Account");

WHEREAS, the Trustee sought a preliminary injunction in the Adversary, which the Court signed by agreement of the Parties on December 15, 2010 ("Preliminary Injunction") relating to the disposition or sale of the Allowances, San Antonio Property, Westleton Property, and the Starcrete Stock;

WHEREAS, the Defendant denied the allegations of the Trustee made in the Adversary;

WHEREAS, the Parties to this Agreement have agreed to resolve, compromise, and settle their differences, disputes, and claims in accordance with the terms set forth in this Agreement; and

WHEREAS, on _____, the Honorable Jeff Bohm entered an order approving the Trustee's Motion to Compromise under Bankruptcy Rule 9019 giving authority to enter into this Agreement;

NOW, THEREFORE, in consideration of the mutual promises and agreements contained in this Agreement, the Parties agree as follows:

### ARTICLE I
### Turnover of Westleton Property

1.01    Defendant shall convey by Special Warranty Deed all of her interest, right, and title in the Westleton Property to the Trustee simultaneous with the full execution of this agreement.

1.02    Trustee may list the Westleton Property for sale with the proceeds from such sale to be used first to satisfy that certain Promissory Note entered into between Patricia Hamilton and MidSouth Bank on or about December 14, 2009 and in the initial amount of $30,000.00 (the "Promissory Note").

1.03    Prior to the closing of any sale of the Westleton Property, Defendant shall not encumber the Westleton Property and shall continue to timely make all regular monthly

4841-7275-9818, v. 1

payments under the Promissory Note. Defendant shall provide Trustee with copies of all checks and bank statements verifying that all regular monthly payments under the Promissory Note have been made.

1.04    The proceeds from the sale of the Westleton Property will next be used to reimburse Defendant for every regular monthly payment under the Promissory Note made by Defendant subsequent to the conveyance to the Trustee of the Westleton Property and proof of which is provided to the Trustee from the date that the Westleton Property is conveyed to the Trustee until the date of closing on any sale of the Westleton Property.

1.05    Any remaining proceeds from the sale of the Westleton Property shall be paid to the Trustee.

### Payment to the Trustee

1.06    Defendant shall pay to Trustee the amount of Ten Thousand and 00/100 United States Dollars ($10,000.00) simultaneous with the execution of this Agreement. Such payment shall be made by either (a) a cashier's check made payable to Ronald J. Sommers, Chapter 7 Trustee of the John H. Hamilton, Sr. Estate.

### Affidavit

1.07    Prior to the Bankruptcy Court in Bankruptcy Case No. 10-35770 conducting a hearing to approve the settlement of the parties reflected by this Agreement, Defendant shall provide an affidavit regarding her assets. The Affidavit is attached hereto as Exhibit A. The Parties to this Agreement acknowledge, understand, and agree that if any of the statements in the Affidavit are later determined to be materially and knowingly false, then the release(s) provided by the Trustee in favor of Defendant set forth herein or made in connection with this Agreement shall be void and unenforceable with respect to those property(ies) or asset(s) that are the subject of the statement that is determined to materially and knowingly false.

### Dismissal of Adversary

1.08    When the order approving the compromise and settlement is final and non-appealable, the Trustee and Defendant shall dismiss with prejudice all claims and causes of action in the Adversary through a stipulation of dismissal in the form of Exhibit B.

### Releases

2.01    Release of Defendant by Trustee. In consideration of the mutual promises and agreements contained in this Agreement, except as to obligations created by this Agreement, the Trustee on behalf of himself and his present and former agents, representatives, employees, attorneys, successors and assigns, and anyone claiming by, through or under them, hereby RELEASE, REMISE, CANCEL, ACQUIT and DISCHARGE Defendant, an individual, and her attorneys of record in the Adversary, from and against any and all demands, claims, causes of

4841-7275-9818, v. 1

action and damages, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, accrued or unaccrued, of any nature whatsoever, whether sounding in tort, contract, statute or any other theory of liability, which arose from the beginning of time until the Effective Date of this Agreement. The Trustee on behalf of himself and his present and former agents, representatives, employees, attorneys, successors and assigns, and anyone claiming by, through or under them, hereby releases any and all claims that the San Antonio Property, the Blue Heron Property, Starcrete Stock, and Woodforest Account are property of the bankruptcy estate of John H. Hamilton, Sr. Notwithstanding this release, pursuant to the terms of this Agreement, if any of the statements in the Affidavit are later determined to be materially and knowingly false, then the release(s) provided by the Trustee in favor of Defendant made in connection with this Agreement shall be void and unenforceable with respect to those property(ies) or asset(s) that are the subject of the statement that is determined to be materially and knowingly false at the time this Affidavit was executed. Notwithstanding the foregoing, this release does not include any demand, claim, cause of action and damages for any property or asset that Defendant has an interest, right, or title in as of the date the Affidavit was executed and that the Defendant did not disclose in the Affidavit.

2.02   Release of Trustee by Defendant. In consideration of the mutual promises and agreements contained in this Agreement, Defendant, on her behalf and behalf of her present and former agents, representatives, attorneys, successors and assigns, and anyone claiming by, through or under her, hereby RELEASE, REMISE, CANCEL, ACQUIT and DISCHARGE the Trustee, the bankruptcy estate of Debtor, and their present and former attorneys, from and against any and all demands, claims, causes of action and damages, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, accrued or unaccrued, of any nature whatsoever, whether sounding in tort, contract, statute or any other theory of liability, which arose from the beginning of time until the Effective Date of this Agreement.

## ARTICLE III
## Representations and Warranties

Each Party to this Agreement hereby represents and warrants to the other as follows:

3.01   Complete Agreement. The written terms of this Agreement reflect the full and complete terms of the agreement and understanding between the Parties. There are no oral terms or representations, other than those stated in this Agreement and in the Affidavit in writing, and neither Party has relied upon any verbal representations from the other Party or its counsel.

3.02   Voluntary Execution. Each Party represents and warrants that it or its representatives has reviewed this Agreement and that they (i) understand fully the terms of this Agreement and the consequences of the issuance thereof, (ii) have been afforded an opportunity to have this Agreement reviewed by legal counsel, and (iii) have entered into this Agreement to which each is a party of their own free will and accord and without threat or duress. The Parties warrant and represent that the undersigned representatives are fully authorized to execute this Agreement or any other instrument required hereunder on their behalf.

3.03   No Prior Assignment. Each party represents and warrants that it has not

4841-7275-9818, v. 1

conveyed, assigned, hypothecated or otherwise transferred to any person or entity, directly or indirectly, any interests in any claim or potential claim which is subject to this Agreement.

### ARTICLE IV
### Miscellaneous

4.01  **Governing Law, Jurisdiction, Venue.**  This Agreement shall be construed and interpreted in accordance with the laws of the State of Texas. Any dispute regarding this Agreement shall be subject to the jurisdiction and venue in Harris County, Texas.

4.02  **Multiple Counterparts.**  This Agreement may be executed in multiple counterparts, and if so executed it shall be valid and binding as if all Parties had executed the same original.

4.03  **Modification.**  This Agreement supersedes all prior agreements, understandings and representations. This Agreement cannot be altered, changed or modified except in writing executed by a duly authorized representative for each of the Parties, and the provisions of this Agreement may not be waived by the Parties unless that waiver is expressed in writing and signed by a duly authorized representative of each of the Parties. In the event that a court of competent jurisdiction should hold any provision of this Agreement to be void or unenforceable for any reason, the expressed intent of all parties hereto is that all remaining provisions are severable and should remain in force to the greatest possible degree, and that this Agreement shall become effective immediately upon its execution.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by themselves or on their behalf by their respective attorneys as of the date set forth below.

_____          _____
Ronald J. Sommers, Chapter 7 Trustee of the                Date
Bankruptcy Estate of John H. Hamilton, Sr.

_Patricia L. Hamilton_ (signature)                                   7/18/11
_____          _____
Defendant, Patricia L. Hamilton                                  Date

4841-7275-9818, v. 1

Affidavit of the Assets
Of Patricia L. Hamilton
As of July 8, 2011

STATE OF TEXAS            §
                          §
COUNTY OF HARRIS          §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Patricia L. Hamilton, who being duly sworn on oath deposed and testified as follows:

I am over the age of 21 years, competent to make this affidavit, and have personal knowledge of the facts stated herein and that they are true and correct. I am currently married to John H. Hamilton, Sr., the debtor in Bankruptcy Case No. 10-35770. However, there is a divorce proceeding that has been stayed because of the Bankruptcy. I currently reside at 100 Bryker, San Antonio, Texas. Ronald J. Sommers, Trustee (the "Trustee") of the bankruptcy estate of John H. Hamilton, Sr., has requested and I have agreed to provide them with this Affidavit.

I affirm and attest that to the best of my knowledge the following is a complete list of all material assets to which I claim any interest as of the execution of this Affidavit:

ASSETS

| | | | |
|---|---|---|---|
| 1. | Cash | | $ 1,100.00 |
| 2. | Bank Accounts: | | |
| | Account No. _WoodForest Bank 1329301319_ | | |
| 3. | IRA/401(K)/Pension and/or Profit Sharing Plans: | | |
| | (A) Account No. _____ | | $ 0 |
| | _Trustee/Custodian/Employer  Address/Street  City  State  Zip  Phone_ | | |
| 4. | Accounts Receivable | | $ 0 |
| 5. | Motor Vehicles/Boats/RVs/Trailers: | | |
| | (A) Year _2007_ Make _Mercedes_ Model _500SL_ VIN/ID _4JGBF71EX7A219719_ | | $ 25,000.00 |
| | (B) Year _2009_ Make _Lincoln Mercury_ Model _MKS_ VIN/ID _1LNHM93R99G620500_ | | $ 25,000.00 |
| 6. | Securities (itemize on attached schedule): | | $ 0 |
| | Marketable | | $ 0 |
| | Non-Marketable | | $ 0 |
| | Restricted or Control Stock | | $ 0 |
| 7. | Cash Value of Life Insurance | | $ 0 |
| 8. | Real Estate: | | |
| | (A) Property No. 1 Address: _100 Bryker Dr., San Antonio, Texas 78203_ | | $ 425,000 |
| | (B) Property No. 2 Address: _31503 Blue Heron Lane, Fulshear, Texas 77441_ | | $ 725,000 |
| | (C) Property No. 3 Address: _Wesleton Court Land, Flushear, Texas_ | | $ 94,000 |

My property located at 100 Bryker, San Antonio, Texas is my Homestead.

9. Other Assets (itemize): _____ $ 0

## DEBTS/LIABILITIES

1. Motor Vehicles/Boats/RVs/Trailers
   - (A) Lienholder's Name: Pat Hamilton    Balance  $ 0
     P.O. Box 115 Simonton, Texas 77476
     Address/Street    City    State    Zip Code

   - (B) Lienholder's Name: Ford Motor    Balance  $ 32,000.00
     P.O. Box 650575    Dallas    Texas    75265    800-727-7000
     Address/Street    City    State    Zip Code    Phone

2. Real Estate Loans
   - (A) Property No. 1   $ 330,000.00
     Balance
     Westside Escrow, LLC  200 Bartlett Dr. #106, El Paso, Texas 79912
     1st Lien Holder Name    Address/Street    City    State    Zip Code

   - (B) Property No. 2   $ 700,000.00
     Balance
     Patriot Bank  7500 San Felipe #800, Houston Texas 79912
     1st Lien Holder Name    Address/Street    City    State    Zip Code

   - (C) Property No. 3   $ 30,000.00
     Balance
     Mid South Bank  1912 Texas Ave. S., College Station, Texas 77840
     1st Lien Holder Name    Address/Street    City    State    Zip Code

### GUARANTEES AND OTHER CONTINGENT LIABILITIES:

   - (A)   Excel Mortgage, Sam Cammack   $ 300,000
     Name    Address/Street    City    State    Zip Code    Phone

### STOCKS AND BONDS

| Number Share | Name of Insurer | Where Traded | Market Value Per Share | Total Value | Pledged (Yes/No) | Restricted (Yes/No) | Registered Name |
|---|---|---|---|---|---|---|---|
| None | | | | | | | |

### NOTES AND ACCOUNTS RECEIVABLE

| Maker | Original Amount | Present Balance | Payments | Maturity | Secured By |
|---|---|---|---|---|---|
| None | | | | | |

LIFE INSURANCE

| Insurer | Face Amount | Beneficiary |
|---|---|---|
| MML Bay State Life Insurance Company | 250,000 | Alexis Hamilton |

The above list does not include a list of any of the personal property that I own in my homes.

REPRESENTATIONS:

I make the following representations:

1. That I have not transferred, conveyed, gifted or assigned any property to a trust, including trusts created as part of estate planning, at any time within one year preceding the execution of this Affidavit.

2. That I have not transferred, conveyed, gifted or assigned any real property or interests in real property to our relatives, including but not limited to parents, in-laws, cousins, children, and/or significant others at any time within one year preceding the execution of this Affidavit.

3. That I have not transferred, conveyed, gifted or assigned any cash, stocks, bonds, personal property or interests in personal property to our relatives, including but not limited to parents, in-laws, cousins, children, and/or significant others at any time within one year preceding the execution of this Affidavit.

4. That I have not created a business entity, including partnerships, limited liability companies, limited liability partnerships or otherwise, into which we have transferred property, including but not limited to cash, in the one year preceding the date of this Affidavit;

5. That I do not own or have an ownership interest in artwork, gun collections, antiques, patents or other unique property.

6. That I do not have property in a safe deposit box;

7. That I do not have an interest in any oil and gas property or other mineral interests;

8. That I am not a beneficiary of any trust created for my benefit;

9. That no creditor has repossessed property from me in the last one year preceding the date of this Affidavit;

10. That I have not inherited any property in the last one year; and

11. That I have not disclaimed any interest in property that I would otherwise have inherited in the one year preceding the execution of this Affidavit.

The foregoing Affidavit represents my current assets as of July 8, 2011. I represent and warrant that all values provided are true and correct to the best of my knowledge and that I have not omitted any assets or items of income that I own or to which I am entitled. I have personal knowledge of all facts stated herein and they are true and correct.

_Patricia Hamilton_
Signature
_Patricia Hamilton_
(Printed Name)

STATE OF TEXAS         §
                       §
COUNTY OF HARRIS       §

This instrument was acknowledged before me on the 18 day of July, 2011, by Patricia Hamilton, known to me to be the person whose name is subscribed to the foregoing Affidavit of Financial Condition and acknowledged to me that he/she has read the foregoing Affidavit of Financial Condition, and that he/she executed it for the purposes and considerations therein expressed.

Subscribed and sworn to before me on this the 18 day of July, 2011, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

GEORGA L RUDOFF
MY COMMISSION EXPIRES
July 17, 2014